UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                    CASE No. 8:07-CR-21-T-23TGW

YOSVANI BROCHE-GONZALEZ,
et. al.

_____


O R D E R

        THIS CAUSE came on for consideration upon defendant Jose

Guerra-Castellano's Motion for Severance (Doc. 244), defendant Mitchell[*]

Gonzalez-Noy's Motion for Severance from Co-Defendants (Doc. 261),

defendant Yosvani Broche-Gonzalez's Motion for Severance (Doc. 277)

and Amended Motion for Severance (Doc. 292), defendant Roberto Ortiz,

Sr.'s Motion to Sever Defendant (Doc. 315), defendant Romelio Evora's

Motion for Severance from Co-Defendants (Doc. 316), defendant Mayelin

Perez's Motion for Severance (Doc. 323), and the Government's responses

thereto (Docs. 313, 344).

_____

        [*]The Complaint and the Indictment lists Gonzalez-Noy's first name as "Michell"
(Docs. 1, 28) but, in his motion, he spells it as "Mitchell" (Doc. 261).  Therefore, it will
be assumed that "Mitchell" is the correct spelling.

Seventeen defendants in this case have been charged with, among other things, a conspiracy to manufacture marijuana plants. Thus, Count One of the Indictment in this case charges that the defendants (Doc. 28, p. 2):

> ... did knowingly and intentionally conspire and agree to manufacture 1,000 or more marijuana plants, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
> All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii).

Defendants Guerra-Castellano, Gonzalez-Noy, Broche-Gonzalez, Ortiz Sr., Evora, and Perez have each filed a motion to sever, seeking to have their cases tried separately (Docs. 244, 261, 277, 292, 315, 316, 323).

Rule 8(b), F.R.Cr.P., provides that "[t]he indictment ... may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." However, Rule 14(a), F.R.Cr.P., provides further that, "[i]f the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant ..., the court may ... sever the defendants' trials...."

In considering motions to sever, "the general rule is that defendants who are jointly indicted should be tried together, and this rule applies with particular force to conspiracy cases." United States v. Alvarez, 755 F.2d 830, 857 (11th Cir. 1985), cert. denied, 474 U.S. 905 (1985) and 482 U.S. 908 (1987); see also United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998), cert. denied, 525 U.S. 840 (1998); United States v. Knowles, 66 F.3d 1146, 1158 (11th Cir. 1995), cert. denied, 517 U.S. 1149 (1996).   When determining whether to grant a motion to sever, a court "must balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Alvarez, supra, 755 F.2d at 857; see also United States v. Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982), cert. denied, 459 U.S. 906 (1982). Consequently, severance is only appropriate where a defendant demonstrates "that a joint trial will result in 'specific and compelling prejudice' to the conduct of his defense." United States v. Alvarez, supra; see also United States v. Cassano, supra, 132 F.3d at 651 ("actual compelling prejudice"); United States v. Marszalkowski, supra, 669 F.2d at 660 ("compelling prejudice").   In other words, the prejudice must result in

fundamental unfairness.  United States v. Knowles, supra, 66 F.3d at 1159.

Accordingly, a court must consider "'whether the jury could avoid

cumulating the evidence against all of the defendants and could make

individualized guilt determinations.'"  United States v. Knowles, supra, 66

F.3d at 1158; see also United States v. Garcia, 405 F.3d 1260, 1272 (11th

Cir. 2005).  Therefore, "'severance is justified only if the prejudice flowing

from a joint trial is clearly beyond the curative powers of a cautionary

instruction.'"  United States v. Alvarez, supra.

> Here, the defendants have been charged with a conspiracy to

manufacture marijuana plants (Doc. 1; see also Doc. 28).  And, as indicated,

that weighs in favor of trying them together in a single trial rather than

conducting multiple trials.  United States v. Alvarez, supra.

> On the other hand, the defendants' motions for severance fail

to articulate specific and compelling prejudice that would result from a joint

trial.  Thus, the motions of defendants Guerra-Castellano, Broche-Gonzalez,

and Perez contain nearly the same conclusory language (see Docs. 244, 292,

323).  They assert that the trial of all of the defendants together in this case

"is likely to be prejudicial," which, of course, is not the governing standard

(Doc. 244, p. 2; Doc. 292, p. 2; Doc. 323, p. 2).  The defendants further assert that the number of searches and potential admissions by defendants "will make it extremely difficult for the jurors to appraise the evidence" with respect to each defendant (Doc. 244, p. 3; Doc. 292, p. 3; Doc. 323, p. 3).  However, they provide no explanation why this is so.  These three motions, therefore, are patently insufficient and do not warrant severance of the defendants making the motions.

Gonzalez-Noy appears to argue that the evidence against him is weak (Doc. 261, p. 1).  That assertion is not enough to demonstrate that he will suffer specific and compelling prejudice if he is included in a joint trial.  In support of his motion, Gonzalez-Noy also asserts that, during trial, he will be exposed to the other defendants' statements that implicate their involvement in a crime and, therefore, his presence at the trial will make it impossible for the jury not to consider that evidence against him (id. at p. 3).

Significantly, the defendant does not mention Bruton v. United States, 391 U.S. 123 (1968), or otherwise indicate that statements by co-defendants directly implicate him.  Moreover, the Government's response unequivocally states that there will be no Bruton problem with respect to

this defendant.  Consequently, Gonzalez-Noy's reference to statements of other defendants indicates, at most, the evidence against other defendants may be stronger.

However, as indicated, compelling prejudice does not exist merely because a greater share of the evidence is applicable to the other defendants in the case or a defendant will have a better chance of an acquittal if tried separately.  United States v. Alvarez, supra; see also United States v. Cassano, supra.  In any event, Gonzalez-Noy has failed to demonstrate that it is beyond the ability of the court to cure any resulting prejudice due to the evidence against the other defendants through the use of cautionary instructions regarding the evidence applicable to each defendant.

Similarly, defendant Evora's conclusory motion for severance fails to demonstrate specific and compelling prejudice (Doc. 316).  The motion, which is like Gonzalez-Noy's, appears to focus on the number of defendants and the searches in this case, as well as other defendants' incriminating statements (see id.).  However, Evora has failed to demonstrate that any potential prejudice cannot be cured through cautionary

instructions to the jury.  Here, again, the Government has stated that there is no apparent <u>Bruton</u> problem regarding this defendant.

Ortiz's motion for severance is also conclusory in nature (Doc. 315).  As previously indicated, the fact that the defendant thinks that the evidence against him is relatively weak does not establish the specific and compelling prejudice that justifies a severance.  Similarly, such prejudice is not shown by the defendant's claim of a viable abandonment defense. That issue can be addressed in the jury instructions.  Furthermore, while Ortiz suggests that this case has the potential for a <u>Bruton</u> violation, the Government's response indicates that there is no such problem as to him.

It is, therefore, upon consideration

ORDERED:

That defendant Jose Guerra-Castellano's Motion for Severance (Doc. 244), defendant Mitchell Gonzalez-Noy's Motion for Severance from Co-Defendants (Doc. 261), defendant Yosvani Broche-Gonzalez's Motion for Severance (Doc. 277) and Amended Motion for Severance (Doc. 292), defendant Roberto Ortiz, Sr.'s Motion to Sever Defendant (Doc. 315), defendant Romelio Evora's Motion for Severance from Co-Defendants

(Doc. 316), and defendant Mayelin Perez's Motion for Severance (Doc. 323) be, and the same are hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this <u>22nd</u> day of March, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE